IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-CV-93-BO

| | |
|---|---|
| WAYNE ONEIL PERKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| NANCY A. BERRYHILL, ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 18, 20]. The motions have been fully briefed and are ripe for disposition. For the reasons discussed below, plaintiff's motion [DE 18] is DENIED and defendant's motion [DE 20] is GRANTED. The Commissioner's decision is AFFIRMED.

BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claim for a period of disability and disability insurance benefits (DIB) under Title II of the Social Security Act. Plaintiff filed his application on January 7, 2014, alleging disability dating back to September 1, 2010. Plaintiff's application was denied both initially and upon reconsideration. A hearing was held before an administrative law judge (ALJ) on November 17, 2016. The ALJ issued a decision in April 2017, finding that plaintiff was not disabled. In March 2018, the Appeals Council denied review and made the ALJ's decision the final administrative decision of the Commissioner.

In June 2018, plaintiff filed the complaint at issue, seeking judicial review of the Commissioner's final decision that he was not entitled to disability benefits. [DE 7]. In November

2018, plaintiff moved for judgment on the pleadings. [DE 18]. Defendant moved for judgment on the pleadings in January 2019. [DE 20].

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted). Courts should not make their own credibility determinations or substitute their own judgments for the judgments of the ALJs. *Radford v. Colvin,* 734 F.3d 288, 296 (4th Cir. 2013).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). In making a disability determination, the ALJ engages in a sequential five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson,* 434 F.3d at 653. At step one, if the claimant is currently engaged in

2

substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments (Listing). *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is included in the Listing or is equivalent to a listed impairment, disability is conclusively presumed. If the claimant's impairment does not meet or equal a listed impairment, then the analysis proceeds to step four, where the claimant's residual functional capacity is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and residual functional capacity can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, then the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Here, the analysis ended at step five when the ALJ assessed plaintiff's residual functional capacity (RFC), determined that he could perform a full range of work at all exertional levels subject to limitations, and found that there were jobs existing in significant numbers in the national economy that plaintiff could perform. In other words, the ALJ found that plaintiff was not disabled within the meaning of the Social Security Act.

Plaintiff makes only generalized statements in his motion for judgment on the pleadings, asking the Court "to reverse or modify the decision of the Commissioner based upon information/evidence submitted with [the] initial complaint." [DE 18]. Plaintiff attached medical

3

records to his complaint, but upon careful review of those records, the Court finds that remand under section six of 42 U.S.C. § 405(g) is not warranted.

42 U.S.C. § 405(g) provides for remand based on new evidence "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." In order for such a remand to be appropriate, plaintiff must establish the following:

> First, the claimant must demonstrate that the new evidence is relevant to the determination of disability at the time the claimant first applied for benefits and is not merely cumulative of evidence already on the record. *Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985) (citing *Mitchell v. Schweiker*, 699 F.2d 185, 188 (4th Cir. 1983)). Second, the claimant must establish that the evidence is material, in that the Commissioner's decision "'might reasonably have been different' had the new evidence been before her." *Id.* (quoting *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)). Third, the claimant must show that good cause exists for her failure to present the evidence earlier. *Id.* And fourth, the claimant must present to the reviewing court "'at least a general showing of the nature' of the new evidence." *Id.* (quoting *King*, 599 F.2d at 599).

*Finney v. Colvin*, 637 F. App'x 711, 715–16 (4th Cir. 2016). "Evidence is deemed new if it is not duplicative or cumulative of evidence already in the record." *Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991). Plaintiff bears the burden of meeting all four of the Fourth Circuit's requirements before his case can be remanded.

First, plaintiff attaches records that are dated well after April 2017, when the ALJ rendered an unfavorable decision. As to these records, plaintiff cannot demonstrate relevance to the determination of disability at the time the claimant first applied for benefits and, as such, there is no need to consider whether he can establish the remaining three requirements. Second, plaintiff attaches records that were either considered and discounted by the ALJ for reasons that the ALJ adequately explained or that are not "new evidence" under *Wilkins*. The Appeals Council previously rejected plaintiff's similar attempts to introduce new evidence, finding that the evidence

4

did not relate to the ultimate question of whether plaintiff was disabled on or before April 2017. Because plaintiff bears the burden of establishing that the medical records he attaches to his complaint constitute new evidence and are material to the ALJ's decision and has not carried that burden, plaintiff cannot obtain remand on the basis of the attached records.

Upon a full review of the record, the Court finds that the ALJ committed no reversible error. Substantial evidence existed to support the ALJ's findings that plaintiff had not engaged in substantial gainful activity, had severe impairments that did nonetheless did not equal any regulatory listings, could perform a full range of work at all exertional levels with certain limitations, could not perform his past relevant work, and could perform other work existing in significant numbers in the national economy. As such, the Commissioner's decision must be affirmed.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court finds that the decision as a whole is supported by substantial evidence and that the correct legal standard was applied. Accordingly, plaintiff's motion for judgment on the pleadings [DE 18] is DENIED and defendant's motion [DE 20] is GRANTED. The Commissioner's decision is AFFIRMED. The Clerk is directed to close the file.

SO ORDERED, this /2 day of February, 2019.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

5